**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANDRE WARFIELD,<br>Plaintiff,<br>v.<br>DEPUTY ELIJAH GOFFIGAN, et al.,<br>Defendants. | Case No. 2:18-cv-07395-AB (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On August 23, 2018, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 [Dkt. 1, "Complaint"]. Pursuant to the Court's screening obligations under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), the Court screened the Complaint and, on October 9, 2018, denied Plaintiff leave to proceed without prepayment of the filing fee and granted him leave to amend [Dkt. 5, "October 9 Order"]. As the October 9 Order advised Plaintiff, his official capacity claim against the two county deputy sheriff Defendants was not cognizable, because the Complaint failed entirely to set forth any basis for liability under the standards required by *Monell v. Dep't of Soc. Srvcs.*, 436 U.S. 658, 694-95 (1978).

Plaintiff filed a First Amended Complaint in this action on November 13, 2018 [Dkt. 6, "FAC"]. The FAC did not comply with the October 9 Order in that – despite the warning and advice set forth in that Order – the FAC again alleged

official capacity claims against each Defendant but failed entirely to set forth any allegations that could serve as a basis for official capacity liability within the meaning of *Monell*.

On November 19, 2018, United States Magistrate Judge Gail J. Standish issued her Order Directing Response [Dkt. 8, "November 19 Order"]. The November 19 Order advised Plaintiff of this repetitive defect and directed him to respond by selecting one of three specified options by no later than December 19, 2018. The November 19 Order explicitly warned Plaintiff that the failure to timely respond and elect one of the options might result in a recommendation that this case be dismissed without prejudice for failure to diligently prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff ignored the November 19 Order. The December 19, 2018 deadline came and went with no response or other communication from Plaintiff.

On January 8, 2019, Magistrate Judge Standish issued an Order To Show Cause [Dkt. 9, "OSC"]. The OSC recounted the above events and circumstances and Magistrate Judge Standish noted that, as a result, she questioned whether Plaintiff intends to pursue this case any further. The OSC then ordered as follows:

> Accordingly, Plaintiff is ORDERED TO SHOW CAUSE regarding his failure to respond to the November 19 Order. **By no later than February 1, 2019**, Plaintiff shall file a response to this Order to Show Cause explaining his failure to respond to the November 19 Order and advising whether or not he wishes to pursue this action. If Plaintiff wishes to pursue this action, then in his response, he must select one of the three options set forth in the November 19 Order. The Court thereafter will take appropriate action.
>
> If Plaintiff fails to respond to *this* Order in a timely and compliant manner, he is advised that his failure to respond will be deemed to constitute an admission that he no longer wishes to pursue this case. In that event, the Court will recommend that this action be dismissed without prejudice pursuant to Rule 41(b).

The February 1, 2019 deadline established by the OSC has come and gone and Plaintiff again has ignored an Order of this Court requiring action by him. Indeed, Plaintiff has not communicated with the Court since he filed the FAC, despite repeated entreaties by Magistrate Judge Standish that he respond, as well as repeated warnings of the consequences of his failure to do so. Given the above-recounted circumstances and the ample warnings given Plaintiff about dismissal if he did not act, the Court assumes that he no longer wishes to pursue this case.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, only the fifth factor, the general policy favoring resolution of cases on the merits, arguably could favor retention of this action on the Court's docket. The remaining factors, however, do not.

Plaintiff's noncompliance with the Orders recounted earlier necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Plaintiff's disregard of the October 9 Order and his failure to respond to the November 19 Order and the OSC issued in this case has caused the case to come to a standstill, impermissibly allowing Plaintiff, rather than the Court, to control the pace of the proceedings in this case.

The third factor—possible prejudice to the opposing party—is, at best, neutral

to Plaintiff. Based on an attachment to the FAC [Dkt. 6 at 16], it appears that the alleged incident of excessive force occurred in October 2017. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to Defendants as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227.

In addition, the fourth factor favors dismissal. The November 19 Order and the OSC specifically admonished Plaintiff that his failure to comply with the Orders likely would result in the dismissal of this action. Having been so cautioned, yet having ignored those Orders, it appears that Plaintiff has no interest in pursuing this case. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: February 13, 2019  _____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE